## Merle & Heaney Manufacturing Company, Appellee, v. Paschal Hicks, Appellant.

## Gen. No. 17,944.

1. SET-OFF—*evidence as to an action on note.* In an action on a note, defendant's claim of set-off for commissions on the sale of goods is not proved where defendant, after knowledge of the sale in question, adjusted matters of indebtedness with plaintiff, one of which was covered by the note sued on, and at no time claimed commissions.

2. DAMAGES—*evidence not competent.* Evidence of what charge an unlicensed concern made for storing the class of property in question without a showing that the charge was reasonable, usual or customary, and evidence of what was paid as rent of the premises occupied by such property after notice to remove, is not sufficient to establish damages for failure to remove property from premises.

3. DAMAGES—*measure of.* Where plaintiff improperly fails to remove goods from defendant's premises, the measure of damages is what it costs to store the goods.

4. PRACTICE—*propositions of law tendered to court.* On a trial without a jury a proposition of law is properly refused where there is no evidence on which to base it.

5. PRACTICE—*form of proposition of law tendered to court.* The form alone of propositions of law submitted to the court without a jury justifies their rejection where they ask that a proposition of law be found on condition that certain facts are found.

Appeal from the Municipal Court of Chicago; the Hon. CHARLES N. GOODNOW, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed March 25, 1913.

MUSGRAVE, OPPENHEIM & LEE, for appellant.

HELMER, MOULTON, WHITMAN & WHITMAN, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

This case was tried before the court without a jury. The only questions argued relate to the findings and rulings of the court in rejecting defendant's two claims of set-off, one for commissions on the sale of billiard tables to one Weighman, and the other for damages from the failure of plaintiff to remove its billiard tables and equipment from defendant's premises.

As to the first claim, it is needless to recite the evidence in detail or analyze it. It raised a sharp issue of fact, and we think the court was justified in resolving any doubt it may have had on the subject in favor of plaintiff in view of the fact that defendant heard of the sale to Weighman in September, 1908, and subsequently adjusted matters of indebtedness to plaintiff, one of which was covered by the note sued on, given April 5, 1910, and as to which he sought an extension of time for payment in June, 1910, and at no time asked for an allowance on account of said commissions or made a claim therefor. On the contrary, it appears that as late as September, 1910, he admitted that Carstens, plaintiff's vice president, asked him if he had sold any goods and that he did not even then make any claim for commissions.

Defendant's other claim arose out of a contract between the parties, dated January 29, 1909, pursuant to which plaintiff furnished defendant and delivered to his billiard rooms a certain number of billiard and pool tables, together with racks, cues and balls, which remained there until replevined by plaintiff about two years later.

Said contract provided for a conditional sale of said property. If defendant elected to buy the same, then

each month, beginning with June, 1909, he was to make statements of his earnings and expenses and pay one half of the net profits or net earnings from his billiard hall on the purchase price. If after that time, for a period of nine months, the statements failed to show a profit, then the agreement provided that plaintiff "shall take the said billiard and pool tables" etc., and retain all that had been paid thereon.

It does not appear that defendant rendered any statements as required by said contract, but it seems to have been understood that his business did not pay, and in February and April, 1910, he requested the removal of said tables and equipment, and on August 12, 1910, sent a written notice to plaintiff that if it did not remove the tables, etc., within ten days, defendant would cause the same to be removed and stored at plaintiff's expense, and that he would also expect to be reimbursed for the rent of the premises paid by defendant from the time he had first notified plaintiff to remove said articles.

Whether or not defendant was in a position to require plaintiff to remove the goods without rendering the statements required under the contract need not be considered. We think the proof offered was insufficient to sustain such set-off.

Defendant did not put the goods in storage nor prove the usual and customary price thereof. He proved what charges an unlicensed concern made for storing that class of goods, but did not show that they were either reasonable, usual or customary.

As an alternative proof of damage, defendant claiming that the failure to remove the goods had deprived him of an opportunity to rent the premises, proved what he had paid as rent for the same after his notice to remove as aforesaid. The proper measure of damages was what it would have cost to store the goods, whether kept on defendant's premises or elsewhere, and not what he paid as rent for the premises, nor what in the meantime they might have been rented for

to others. We think defendant failed to present competent evidence of the damage, if any, he sustained from plaintiff's failure to remove the property.

It is further urged that the court erred in refusing two propositions of law tendered by defendant. The first was based on the theory that what defendant paid as rent for the premises or could have rented them for if vacated, was a proper measure of damages. As before stated, that was not the proper test. The other proposition probably submitted the correct rule of damages, but was properly refused because there was no competent evidence upon which to base it.

The propositions were faulty in other respects. They were not in the form of a proposition of law. They asked the court to find a proposition of law upon condition that it found certain facts. If the court did not find all the facts required in said propositions, as it manifestly did not, then it was justified in refusing to hold them as law. We think their form alone justified their rejection.

The judgment will be affirmed.

*Affirmed.*